FILED
AUG 05 2016
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

(Del. Rev. 11/14) Pro Se Prisoner Civil Rights Complaint

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

Fred T. Caldwell, SBI# 213476

*(In the space above enter the full name(s) of the plaintiff(s).)*

16-674

Civ. Action No. _____
(To be assigned by Clerk's Office)

-against-

# (1.) David Pierce,
# (2.) Matthew Dutton,
# (3.) Robert Wallis, (4.) Robert Heishman,
# (5.) George Gill, (6.) Lieutenant L. Savage.

**COMPLAINT**
*(Pro Se Prisoner)*

Jury Demand?
☑ Yes
☐ No

*(In the space above enter the full name(s) of the defendant(s). If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Section IV. Do not include addresses here.)*

**NOTICE**

Federal Rule of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

**Plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.**

(Del. Rev. 11/14) Pro Se Prisoner Civil Rights Complaint

## I. COMPLAINT

*Indicate below the federal legal basis for your claim, if known. This form is designed primarily for pro se prisoners challenging the constitutionality of their conditions of confinement, claims which are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "Bivens" action (against federal defendants).*

Check one:

☑ 42 U.S.C. § 1983 (state, county, or municipal defendants)

☐ Action under *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971) (federal defendants)

## II. PLAINTIFF INFORMATION

Name (Last, First, MI): **Caldwell Fred T.**
Aliases: **None**

Prisoner ID #: **SBI # 00213476**

(SHU-MAX-HOUSING)

Place of Detention: **J.T.V.C.C. Delaware Department of correction**

Institutional Address: **1181 Paddock Road,**

County, City: **Smyrna,** State: **Delaware,** Zip Code: **19977**

## III. PRISONER STATUS

*Indicate whether you are a prisoner or other confined person as follows:*

☐ Pretrial detainee
☐ Civilly committed detainee
☐ Immigration detainee
☑ Convicted and sentenced state prisoner
☐ Convicted and sentenced federal prisoner

Page 2 of 10

(Del. Rev. 11/14) Pro Se Prisoner Civil Rights Complaint

## IV. DEFENDANT(S) INFORMATION

*Please list the following information for each defendant. If the correct information is not provided, it could result in the delay or prevention of service. Make sure that the defendant(s) listed below are identical to those contained in the above caption. Attach additional sheets of paper as necessary.*

Defendant 1: Pierce, David
Name (Last, First)

Warden at (J.T.V.C.C.).
Current Job Title

J.T.V.C.C. #1181. Paddock Road.
Current Work Address

Smyrna,  Delaware  19977.
County, City   State   Zip Code


Defendant 2: Dutton, Matthew
Name (Last, First)

Grievance Chair person.
Current Job Title

J.T.V.C.C. #1181 Paddock Road
Current Work Address

Smyrna,  Delaware  19977.
County, City   State   Zip Code

Defendant 3: Wallis, Robert
Name (Last, First)
C/O Lt. Maintenance Staff,
Current Job Title
J.T.V.C.C. 1181 Paddock Road,
Current Work Address
Smyrna   Delaware   19977.
County, City   State,   Zip Code.

Page 3 of 10

(Del. Rev 11/14) Pro Se Prisoner Civil Rights Complaint

**Defendant(s) Continued**

Defendant **4:** Heishman Robert J.
Name (Last, First)

C/o Lieutenant, Staff personnel
Current Job Title

J.T.V.C.C. 1181 Paddock Road
Current Work Address

Smyrna          Delaware          19977.
County, City    State             Zip Code

Defendant **5:** Gill George
Name (Last, First)

C/o (Sgt./Sergeant), Staff personnel
Current Job Title

J.T.V.C.C. 1181 Paddock Road.
Current Work Address

Smyrna          Delaware          19977.
County, City    State             Zip Code

**Defendant, 6:** Savage Larry
Name (Last, First)

C/o Lt. Disciplinary Hearing officer
Current Job Title

J.T.V.C.C. 1181 Paddock Road
Current work Address

Smyrna          Delaware          19977.
County, City    State             Zip Code.

`Case 1:16-cv-00674-SLR   Document 2   Filed 08/05/16   Page 5 of 15 PageID #: 10`

(Del. Rev 11/14) Pro Se Prisoner Civil Rights Complaint

## V. STATEMENT OF CLAIM

Place(s) of occurrence: **J.T.V.C.C. SHU–Building #17.–A–tier–Cell Lower #8. (Solitary Confinement/Units).**

Date(s) of occurrence: **2-4-2015.**

State which of your federal constitutional or federal statutory rights have been violated:

**The eighth Amendment of the U.S. Constitution, and Rights of prisoners, Section #3:42 A. and Sec. 3:55,-3:62. Safety.**

*State here briefly the FACTS that support your case. Describe how each defendant was personally involved in the alleged wrongful actions, state whether you were physically injured as a result of those actions, and if so, state your injury and what medical attention was provided to you.*

FACTS:  — **INTRODUCTION STATEMENT** —

[What happened to you?]

The Deliberate indifference to plaintiffs safety rights are clearly shown specifically **because**, the prison staff was "(warned beforehand)" about the "fire hazard," and never considered it an emergency grievance issue. Deliberate indifference is also established because the prison staff never moved the plaintiff for his safety, but instead left him in the locked cell **(with no escape)** from the fire hazard, that threatend his life. A clear indication that the prison staff jumped to conclude what happend to avoid liability, was that they right away "without an investigation" accused the victim of a suicide attempt **by calling a code's (#4. and #7.) and of starting** the fire himself because there was no way of explaining how the outlet unit sparked, there was no dangerous devices found in the cell. The plaintiffs grievance filed, along with the prison staffs workorders "speak" for themselves as to the cause of the fire. [:]

Page 5 of 10

"**See:** Flipside for Continuation of facts. →"

Therefore, without any proof whatsoever, that the plaintiff caused any act of suicide, or any attempt to damage the electrical units (outlet) next to the (T.V.), area located in the prison cell...!? alleged allegation by prison staff (which are named on front page 1. of 10.), named as defendant(s) in this civil actions complaint are false. Defendants lied to cover up the wrongfulness by never moving the plaintiff out of a very unsafe, hazardous, dangerous cell with no possible escape. Plaintiff was denied fire safety.

## — WHAT HAPPENED WAS —

First, I (plaintiff, I/M Caldwell), was moved to building (17-A-L-8.) from building (18-C-U-8.) on "1-15-15", Several days later once my property/appliances were given to me, I used the electrical outlet to check my appliances, and later that night is when I first noticed sparks spewing from the electrical outlet next to the (T.V.). The electric sparks had stopped, but started to continue again days later. I then informed the "C/O staff" and the issue was not taken seriously, I was told to grievance the problem. I then filed a grievance (see: grievance 299974.). The problem was still not fixed, when it continued, I informed other staff that took notice of the problem, and filed workorders to fix it (electrical outlet) and it still had not been fixed, nor was workorders acted upon, nor was the plaintiff moved from the cell as requested "for his safety". The prison C/O staff was clearly, fully, properly, and timely informed of this (Faulty Outlet fire hazard), which was a threat to plaintiffs life. Not until a fire started, and "only then" was prisoner safety action taken. I/M Caldwell plaintiff, almost died of inhalation suffocation in the fire that was caused do to the faulty outlet in cell (Building 17.-A-L-8.) (I/M Caldwell plaintiff/victim), was sitting at the cell desk

(Del. Rev. 11/14) Pro Se Prisoner Civil Rights Complaint

**What happened to you?**

writing a letter to his family regarding his fathers health, and about his pending legal appeal, along with other matters and as plaintiff was finishing the letter, I did not realize that my sheet and blanket which was piled up on my bed was on fire, untill I smelled it burning. I then ran the sheet to the door in a panic, and tried to push it out, but couldn't. My toilet was out of order, and had been clogged with waist and some feces for several days unfixed, so I tried to use water from the slow running sink to put out the fire burning sheet. I then looked back and saw my blanket burning badly as well, and I ran to try and put it out as well. I had yelled for other inmates to call for help, and by that time, I had been overwhelmed with (thick black) smoke and had passed out unconscious. After that, I somewhat remembered being pulled from the cell and cuffed, but I passed out again and the next thing I knew is that I was in the nurses station. **My injuries were that,** I couldn't breathe, couldn't see clearly, had burning chest pains, couldn't talk, and couldn't hear, and "still to this day," I continue to have trouble breathing, developed asthma, chest pains, and constant migrains, which has become a (cc/chronic condition), do to that fire, aside from the mental and emotional suffering, stress that I still suffer because of that threat to my life. I/M Caldwell plaintiff was not treated properly by the specific medical staff on the day of the fire (2-4-15). Specifically because, I needed but was never given any oxygen from the tank that was present,

See: "Flipside" to continue what happened.  Page 6 of 10 ➔

nor was my injuries documented properly by the medical staff (who was present at the time for my injuries that day). See: (C/o Sergeant George Gill, defendant #4.) write up report as to what occurred, which is indeed, contrary to not having any injuries. (See: Also, Rule #11.(b.) 3.) On top of all that, to add insult to injury (I/M Caldwell the victim/plaintiff), was harmed even more by being thrown into isolation solitary confinement after the fire, which was caused only by the faulty electrical outlet, and not by I/M Caldwells behavior or Actions.

## – WHO DID WHAT ? –

The Correctional officers/prison staff that did the investigation of the grievance, (defendant #3. Wallis), See: (Grievance 299974, report). Never originally considered this issue an emergency. It was simply considered a maintenance issue, which allowed several days to pass, with plaintiff locked in the cell with no escape from the fire hazard, before prison-maintenance staff ever came to check the problem. During this time of waiting the (Defendant #3. Wallis), also never ordered the plaintiff to be moved for his safety, nor was the workorder, ordered by maintenance ever acted upon. The Correctional officer, (Defendant #5. Gill), along with (C/o. Lieutenant Heishman), (Defendant #4.), and other staff, with no valid proof, and without investigation right away accused the victim plaintiff of somehow starting the fire himself, and wrote I/M Caldwell plaintiff up on a disciplinary violation of arson, dangerous contraband, strike, demonstration, fire hazard, and more. These actions that were taken, without investigation or proof, are clearly an "unsupported defense" and not true.— these alleged allegations are to avoid liability for their actions along with

(Del. Rev 11/14) Pro Se Prisoner Civil Rights Complaint

the neglect of inmate safety. Indeed, (Defendant #5. Gill, Sgt. C/o.), wrote that some metal pieces and wire, was found wrapped in foam, and plastic — **[Who did what?]** "(outside the cell door)." "If" this is true, then this could not have been the cause of the specific fire. Also, this clearly does not show that the — (Plaintiff I/M Caldwell) who was locked in the cell at the time of the fire, actually, used, or started the fire himself with alleged "Contraband" found "outside" the cell, nor can the plaintiff, legally or truly, be held responsible (for any contraband) on a prison tier, that was found outside the inmate cell, not within his possession, control, and unaccessible to him. It is unlikely that the contraband found outside the cell was used, or could possibly be (the cause) of the specific fire in question. Indeed, Building (17.-A.-Lower-8. cell, SHU), is a "Maximum housing unit" therefore only "(one)" at a time, anytime that prisoners cell doors are opened, the prisoners are cuffed, and officers are always present.

Only the tier clean-up inmate, or the prison c/o officers could have access to the area where the contraband was found, not the (plaintiff I/M, Caldwell). See rule, 11.(b)(3). Indeed, the grievance filed by the victim plaintiff, and the workorders filed by (witness c/o Sgt. Shewbrook) the plaintiff witness, and the prison maintenance staff, clearly speaks for themselves as to the true cause of the fire [.]

The (plaintiff I/M Caldwell), Rights of prisoners to sanitation were violated as well. The plaintiffs toilet in (SHU-17.-A.-Lower-8.) was clogged for several

Page 7 of 10 →

See: Flipside for continuation. →

days with waist, without being fixed. "The fact" that the prison staff also left (I/M Caldwell plaintiff), within the cell without a working toilet, ("All of that time") is "proof" that the prison staff neglected plaintiffs living conditions concerning the clogged toilet. "As Sure", as they, also, disreguarded the prisoners safety concerning the problem of the faulty electrical outlet. In fact, (I/M Caldwell plaintiff) even told his family within the specific letter, that was in the process of being finished when the fire broke out, that (he may be in the hole), referring to the fact that, once taken out of his cell, he would refuse to lock back in with the smell of waist from the unfixed toilet. However, (I/M Caldwell plaintiff) never had the chance to protest the toilet issue, once taken out of his cell for recreation, because the fire occurred and the plaintiff was falsely accused, and sent to "the hole" isolation anyway.

## – WAS ANYONE ELSE INVOLVED ? –

The prison warden (defendant #1. David Pierce) denied the plaintiffs disciplinary appeal and supported the unsupported actions of the prison c/o staff. In violation of the plaintiff prisoner rights to safety, and fire safety.

"It was stated that maintenance should have dealt with the problem. (And thats the point), they did'nt, until it was too late [.]"
See, (Plaintiff grievance appeal, (Dated, 3-29-15) and received on (3-30-15). Also, involved are the maintenance personell, (Tony fueller) and (Joey Simpler), that did the "grievance hearing" investigation "too late" and based on the "wrong prison cell". Therefore, they erroneously denied plaintiffs grievance issue. (see, top of Next page)

(Del. Rev. 11/14) Pro Se Prisoner Civil Rights Complaint

→ (Also, involved) is prison "medical staff" that made diagnosis of plaintiff asthma, which did not exist "untill" after the outlet fire. I/M. Plaintiff Caldwell is in C.C./Chronic Care treatment for (Asthma).

## VI. ADMINISTRATIVE PROCEDURES

*WARNING: Prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions. 42 U.S.C. § 1997e(a). Your case may be dismissed if you have not exhausted your administrative remedies.*

Is there a grievance procedure available at your institution? ☑ Yes ☐ No

Have you filed a grievance concerning the facts relating to this complaint? ☑ Yes ☐ No
If no, explain why not:

N/A

Is the grievance process completed? ☑ Yes ☐ No
If no, explain why not:

Yes, because the prison staff was warned beforehand, and clearly had time to fix the outlet, or move the plaintiff for his safety, but a fire was caused by the faulty outlet, before the (workorders) were acted upon. Grievance process was completed as of June 26th, 2015. Because the bureau chief denied the grievance on the above date.

## VII. RELIEF

*State briefly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.*

I want compensation for my (injury), chronic lung disorder, Injury which is asthma. This has developed from the actual fire that took place in cell (Lower 8 SHU Build-17-A-Tier). I can't sleep normal, and continue to struggle with comfortable normal breathing, with laying down for rest. The relief that I want the court to order is: Money damages in the amount of $49,000.00 for Compensatory damages,

Page 8 of 10

see, Flip side continue relief request. →

but the development in punitive damages and suffering from mental and emotional nightmares of wondering if another electrical socket outlet may ignite in a fire. Plaintiff is paranoid of the mistrust of what his self-importance mean to the department, and trusting if each cell room is safe enough to live in...... This fire has given me a personality disorder of trusting department staff and officials. I/M, Caldwell **plaintiff request** the amount of ($400,000.00), for the punitive damages. I/M caldwell plaintiff has to live with a constant life-threatening injury asthma. Punitive damages are given when the defendants actions were the cause of injury, and thats what I want the court to decide and decipher to determine my civil complaint. I just want the courts and the honorable magistrate to not only enter an order granting my punitive damages claim, but to order treatment for my lung and chronic breathing problems better known as asthma.

Respectfully Submitted.

(Del. Rev. 11/14) Pro Se Prisoner Civil Rights Complaint

## VIII. PRISONER'S LITIGATION HISTORY

*The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in forma pauperis in federal court if that prisoner has "on three or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. §1915(g).*

Have you brought any other lawsuits in state or federal court while a prisoner?  ☒ Yes  ☐ No

If yes, how many? (ONE) Sec. 2254, Petition.

Number each different lawsuit below and include the following:

- Name of case (including defendants' names), court, and docket number
- Nature of claim made
- How did it end? (For example, if it was dismissed, appealed, or is still pending, explain below.)



N/A

(Del. Rev. 11/14) Pro Se Prisoner Civil Rights Complaint

_____

_____

### IX. PLAINTIFF'S DECLARATION AND WARNING

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending or modifying existing law; and (3) complies with the requirements of Rule 11.

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

*Plaintiff must sign and date the complaint and provide prison identification number and prison address.*

__8-1-2016.__                                           __Fred T. Caldwell__
Dated                                                   Plaintiff's Signature

__Caldwell  Fred  T.__
Printed Name (Last, First, MI)

__SBI #  00213476.__
Prison Identification #

__J.T.V.C.C.__
__# 1181 Paddock Road,__      __Smyrna__,      __Delaware__,  __19977__.
Prison Address                 City            State          Zip Code

**Plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.**

I/M Fred T. Caldwell
SBI# 00213476, UNIT 23-C-Upper-La-
JAMES T. VAUGHN CORRECTIONAL CENTER
1181 PADDOCK ROAD
SMYRNA, DELAWARE 19977

"Legal Mail"
"Legal Mail"

To: U.S. District Court for delaware
J. Caleb Boggs Federal Building
844 King Street
Lockbox #18,
Wilmington, DE, 19801.

U.S.M.S.
X-RAY

