IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

FRED T. CALDWELL,                           )
                                            )
            Plaintiff,                      )
                                            )
      v.                                    )  Civ. No. 16-674-SLR
                                            )
DEPUTY WARDEN DAVID PIERCE,                 )
et al.,                                     )
                                            )
            Defendants.                     )

## MEMORANDUM

1. **Introduction**. Plaintiff Fred T. Caldwell ("plaintiff"), an inmate at the James T. Vaughn Correctional Center, Smyrna, Delaware, proceeds pro se and has been granted in forma pauperis status. He filed this complaint pursuant to 42 U.S.C. § 1983 claiming violations of his constitutional rights.[1]  (D.I. 2)

2. **Standard of Review**. A federal court may properly dismiss an action sua sponte under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (in forma pauperis actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with

---

[1] When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

respect to prison conditions). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a pro se plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because plaintiff proceeds pro se, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

3. An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *see, e.g., Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

4. The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening

2

provisions of 28 U.S.C. §§ 1915 and 1915A, the court must grant plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

5. A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, __U.S.__, 135 S.Ct. 346, 347 (2014). A complaint may not dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 346.

6. Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, the court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (internal citations and quotations omitted). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

3

7. **Discussion**. On January 15, 2015, plaintiff was transferred to a different cell. Several days later his property/appliances were brought to the new cell. Plaintiff used the electrical outlet in the cell to check out his appliances and, later that night, he noticed sparks spewing from the outlet next to the television. The sparks stopped, but started again days later. Plaintiff informed the C/O staff. He alleges that he was not taken seriously and was told to submit a grievance.

8. Plaintiff submitted a grievance. Defendant Robert D. Wallis ("Wallis"), who is on the maintenance staff, investigated the grievance. Defendant Matthew Dutton was the grievance chair. Plaintiff alleges that his grievance was erroneously denied because the investigation was "too late" and based on the "wrong prison cell."

9. When there was no repair, he informed other staff who took notice of the problem and filed work orders to repair the electrical outlet. Plaintiff alleges that several days passed before maintenance ever checked on the problem. He also alleges that Wallis never ordered plaintiff's removal from the cell for his safety. Plaintiff alleges that the outlet was not repaired, and the work order was not acted upon.

10. It was not until a fire started in the cell on February 4, 2015 that prisoner safety action was taken. Plaintiff alleges he almost died of smoke inhalation that day. Plaintiff explains that he was sitting at his cell desk writing a letter and smelled burning. He then realized that the sheet and blanket piled on his bed were on fire. Plaintiff panicked and tried, but was unable, to push the sheet out the cell door. He tried to use water from the "slow running sink" to put out the fire with no success. Plaintiff looked back and saw that the blanket was also burning and tried to extinguish its fire. Plaintiff

4

yelled for help. He was overwhelmed with thick black smoke, passed out, and awakened at the nurses station. Plaintiff sustained injuries as a result of the fire. Plaintiff alleges there was a fire hazard in the cell, that prison staff was warned beforehand about the hazard, but failed to take action. Plaintiff further alleges that prison staff left him in the locked cell with no escape from the fire hazard that threatened his life.

11. Plaintiff was "thrown into isolation solitary confinement after the fire." (D.I. 2) Defendant George Gill ("Gill") prepared a written report of the incident. Plaintiff alleges that Gill, defendant C/O Lt. Heishman ("Heishman"), and other staff, with no proof and without investigation, right away accused plaintiff of starting the fire and issued plaintiff a write-up for several disciplinary violations. Plaintiff alleges that this is not true and that he received the write-up so that prison staff could avoid liability for their actions. Defendant Larry Savage ("Savage") was the disciplinary hearing officer. Defendant Warden David Pierce ("Pierce") denied plaintiff's disciplinary appeal.

12. **Grievance**. Dutton, the grievance chairperson, is described as a defendant in the defendant(s) information section of the complaint. Other than that, there are no allegations directed against him. The filing of prison grievances is a constitutionally protected activity. *Robinson v. Taylor*, 204 F. App'x 155, 157 (3d Cir. 2006) (unpublished). To the extent that plaintiff's claim is based upon his dissatisfaction with the grievance procedure or denial of his grievance, the claim fails because an inmate does not have a "free-standing constitutionally right to an effective  grievance process." *Woods v. First Corr. Med., Inc.*, 446 F. App'x 400, 403 (3d Cir. 2011) (unpublished)

(citing *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991)).  Notably, the denial of grievance appeals does not in itself give rise to a constitutional claim as plaintiff is free to bring a civil rights claim in District Court, just as he has.  *See Winn v. Department of Corr.*, 340 F. App'x 757, 759 (3d Cir. 2009) (citing *Flick v. Alba*, 932 F.2d at 729).

13.  Plaintiff cannot maintain a constitutional claim based upon his perception that his grievance was not properly processed, that it was denied, or that the grievance process is inadequate. Therefore, the court will dismiss the claim against Dutton as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1).

14.  **Disciplinary Report**.  Plaintiff alleges that Gill and Heishman issued a disciplinary write-up without conducting an investigation, that Savage was the hearing officer, and that Pierce denied plaintiff's appeal (apparently after plaintiff was found guilty).  The filing of a false disciplinary charge does not constitute a claim under § 1983 so long as the inmate was granted a hearing and an opportunity to rebut the charges. *See Crosby v. Piazza*, 465 F. App'x 168, 172 (3d Cir. 2012) (unpublished) (citing *Smith v. Mensinger*, 293 F.3d 641, 653-54 (3d Cir. 2002)).  There are no allegations that plaintiff was denied a hearing.  In fact, given plaintiff's reference to Savage as the hearing officer, it is evident that he was provided with a hearing and, given the reference to Pierce, that he appealed its findings.

15.  In addition, the failure to investigate the claim fails as a matter of law.  There was no mandatory duty to investigate prior to recommending that plaintiff serve disciplinary sanctions. *See e.g., Ali v. Kasprenski*, 732 F. Supp. 2d 439, 445 (D. Del. 2010) (no duty of supervisor to investigate incident report prepared by correctional

officer); *see also Schaeffer v. Wilson*, 240 F. App'x 974, 976 (3d Cir. 2007)
(unpublished) (no mandatory duty to investigate and pursue the prosecution of inmates
and officers).  Therefore, the court will dismiss Pierce, Heishman, Gill, and Savage and
the claims against them as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and
§ 1915(A)(b)(1).

16. **Conclusion.**  For the above reasons, the court will:  (1) dismiss David
Pierce, Matthew Dutton, Robert Heishman, George Gill, and L. Savage, and the claims
against them as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(b)(i) and § 1915A(b)(1);
and (2) allow plaintiff to proceed with his Eighth Amendment claim against Robert D.
Wallis.  A separate order shall issue.

Dated: November __8__, 2016                    _____
                                               UNITED STATES DISTRICT JUDGE